UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

CRISELDA REYES and
EMMANUEL REYES,
Plaintiffs,

v.                                          **Civil Action No.** 2:26-cv-1847-DCN-MGB

DORCHESTER COUNTY, SOUTH CAROLINA,
Defendant.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## I. NATURE OF THE ACTION

1. This action seeks prospective declaratory and injunctive relief to halt ongoing and expanding physical occupation of Plaintiffs' property ("Lot 10") by public sewer and stormwater infrastructure.
2. Plaintiffs do not seek damages in this action; compensation is pursued in a separate state inverse condemnation proceeding.
3. This action arises from ongoing and expanded conduct occurring after prior litigation, including recent construction and system integration associated with Pump Station 4 ("PS4").

## II. JURISDICTION AND VENUE

4. Jurisdiction is proper under 28 U.S.C. § 1331.
5. The venue is proper under 28 U.S.C. § 1391.

## III. PARTIES

6. Plaintiff Criselda Reyes owns Hillside Farms residential subdivision Lot 10 in Dorchester County, South Carolina.
7. Plaintiff Emmanuel Reyes resides on and maintains the property.

RCV'D - USDC - CHAS, SC
2026 MAY 6 PM1:35

8. Defendant Dorchester County is responsible for the public sewer and stormwater systems at issue.

## IV. FACTUAL ALLEGATIONS

9. A sewer manhole identified as "4-64" and a sewer vent pipe are physically located on Lot 10.
10. These structures are active and function as part of a public sewer system.
11. Stormwater from surrounding areas flows across Lot 10.
12. Publicly available GIS mapping reflects that a sewer manhole identified as "4-63" corresponds with a sewer easement shown in a 2004 U.S. Army Corps of Engineers ("USACE") permitted plan.
13. The same plan reflects stormwater routing through Lots 7 and 8, rather than across Lot 10.
14. Current conditions reflect stormwater routing across Lot 10 and active sewer infrastructure on the property.
15. Public records reflect that a building permit associated with the PS4 project was issued on or about January 16, 2026 (Ex. B).
16. Since that time, construction activity and system integration have continued, further embedding the infrastructure associated with Lot 10 into a broader regional system.
17. The PS4 project includes approximately 27,000 linear feet of force main (Ex. C).
18. Public materials reflect that the project is supported by substantial public funding, including approximately $10 million (Ex. C).
19. The infrastructure associated with Lot 10 is integrated into this broader system.
20. Plaintiffs continue to pay property taxes on the entire parcel.

## V. CLAIM FOR RELIEF

(Fifth Amendment – Per Se Taking)

21. The Fifth Amendment prohibits taking private property for public use without just compensation.
22. A permanent physical occupation constitutes a per se taking under *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419 (1982).
23. Government-authorized invasions violate the right to exclude under *Cedar Point Nursery v. Hassid*, 594 U.S. 139 (2021).

24. A taking occurs at the time of invasion under *Knick v. Township of Scott*, 588 U.S. ___ (2019).
25. Defendant's placement and continued use of sewer and stormwater infrastructure on Lot 10 constitutes an ongoing physical occupation.

## VI. DECLARATORY RELIEF

26. An actual controversy exists regarding Defendant's right to occupy and use Lot 10.
27. Plaintiffs seek a declaration that such occupation constitutes a taking.

## VII. INJUNCTIVE RELIEF

28. Plaintiffs are suffering ongoing harm from the continued occupation.
29. Integration into PS4 will make the occupation effectively permanent.
30. Plaintiffs seek relief to prevent further expansion and preserve the status quo.

## VIII. THIS ACTION IS NOT BARRED BY PRIOR PROCEEDINGS

31. Plaintiffs previously litigated related issues concerning Lot 10 in prior federal proceedings.
32. This action does not seek to relitigate claims resolved in that case.
33. This action arises from ongoing and expanded conduct occurring after the prior judgment, including construction activity and system integration associated with Pump Station 4 beginning in or about January 2026.
34. The conduct at issue is continuing in nature and reflects present and ongoing physical occupation of Plaintiffs' property.
35. Plaintiffs seek prospective injunctive and declaratory relief to prevent further expansion and preserve the status quo, rather than retrospective relief for past conduct.
36. Because this action is based on post-judgment and ongoing conduct and seeks different relief, it is not barred by principles of claim preclusion.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request:

A. A declaration that Defendant's ongoing physical occupation constitutes a taking;
B. An injunction prohibiting further expansion, new connections, or additional

system integration involving Lot 10;

C.  Preservation of the status quo pending final adjudication;

D.  Such other relief as the Court deems appropriate.

JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted on the 6th of May 2026,

Ms. Criselda Reyes
Mr. Emmanuel Reyes
*Pro Se Plaintiffs*

Mailing Address:
PO BOX 1113
Summerville SC 29484-1113